Eastern District of Kentucky
**FILED**

JUL 12 2018

AT COVINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

UNITED STATES OF AMERICA

V.                                                                INDICTMENT NO. 18-84-KKC

**CLARENCE MICHEL, JR.** and
**WARREN GRIFFIN, II**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### BACKGROUND

1. At all relevant times, **CLARENCE MICHEL, JR.** was a resident of Garrard County, Kentucky, and **WARREN GRIFFIN, II** was a resident of Garrard County and Jessamine County, Kentucky.

2. At all relevant times, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC, were companies doing business in Garrard County and Boyle County, which are within the Eastern District of Kentucky, and were in the business of industrial staffing.

3. At all relevant times, **CLARENCE MICHEL, JR.** exercised control over every

aspect of the business affairs of CJ Michel Industrial Services, LLC, Michel Mechanical Services, LLC, and CJ Michel Industrial Services Inc., including approving all payments by the companies and controlling all of the companies' bank accounts.

4. At all relevant times, **WARREN GRIFFIN, II** exercised control over every aspect of the business affairs of CJM, LLC, JR Payroll Solutions, LLC, and ALR Staffing Services, LLC, including approving all payments by the companies and controlling all of the companies' bank accounts. **CLARENCE MICHEL, JR.** had the ability to direct that payments be made from these companies.

5. During the period between April 30, 2012, through July 31, 2016, **CLARENCE MICHEL JR.** caused CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC to make thousands of dollars of expenditures for defendants' personal benefit while, at the same time, failing to pay over to the Internal Revenue Service certain payroll taxes owed, including money withheld from CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC employees' paychecks. For example, **CLARENCE MICHEL, JR.** instructed an employee, S.T., to write checks to **CLARENCE MICHEL, JR.** and to **WARREN GRIFFIN, II** paying over to them the amounts left in his companies' bank accounts.

6. At all times relevant to this Indictment, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC withheld taxes from its employees' paychecks, including federal income taxes, Medicare and social security taxes (often referred to as Federal Insurance Contribution Act or "FICA" taxes), and were required to pay the employer portion of social security and Medicare taxes. The employee and employer taxes are referred to in this Indictment collectively as "payroll taxes."

7. At all times relevant to this Indictment, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC were required to make deposits of the payroll taxes to the Internal Revenue Service on a periodic basis. In addition, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC were required to file, following the end of each calendar quarter, an Employer's Quarterly Income Tax Return (Form 941), setting forth the total amount of wages and other compensation subject to withholding, the total amount of income tax withheld, the total amount of social security and Medicare taxes due, and the total tax deposits.

8. As owner of CJ Michel Industrial Services, LLC, CJ Michel Industrial Services,

Inc., and Michel Mechanical Services, LLC, defendant **CLARENCE MICHEL, JR.** was a "responsible person," that is, he had the corporate responsibility to collect, truthfully account for, and pay over payroll taxes owed by CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., and Michel Mechanical Services, LLC, to the Internal Revenue Service.

9. As the people in control of the financial affairs of and with the ability to direct payments from CJM, LLC, JR Payroll Solutions, LLC, and ALR Staffing Solutions, defendants, **CLARENCE MICHEL, JR.** and **WARREN GRIFFIN, II** were "responsible persons," that is, they had the corporate responsibility to collect, truthfully account for, and pay over payroll taxes owed by CJM, LLC, JR Payroll Solutions, LLC, and ALR Staffing Solutions, to the Internal Revenue Service.

10. Throughout the calendar years 2012 through 2016, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC, withheld tax payments from their employees' paychecks. However, beginning in approximately April 2012, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC, failed to pay over those withheld employee payroll taxes to the Internal Revenue Service.

11. Beginning in 2012, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC further failed to file quarterly employment tax returns

(Form 941) with the Internal Revenue Service. Each Form 941 was due to be filed at the end of the month following the end of each calendar quarter. For example, the Form 941 for the second quarter of 2012 was due on or before July 31, 2012, since the second calendar quarter ended on June 30, 2012.

12. Altogether, during the 18 calendar quarters between the first quarter of 2012 and the second quarter of 2016, CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC failed to account for and pay over to the Internal Revenue Service approximately $14,671,184 in payroll taxes.

## COUNT 1
## 18 U.S.C. § 371
### *Conspiracy to Defraud the United States*

### CONSPIRACY

13. On or about April 30, 2012, and continuing through on or about July 31, 2016, in Garrard County, in the Eastern District of Kentucky and elsewhere,

### CLARENCE MICHEL, JR.,
### WARREN GRIFFIN, II,

and others, did knowingly and willfully conspire and agree together and with others, to defraud the United States of and concerning its governmental functions and rights, that is, concerning its right to have its business and its affairs, and particularly the transaction of the official business of the Internal Revenue Service, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction.

## MANNER AND MEANS

14. It was a part of the conspiracy that the defendants would by deceit, craft, trickery and dishonest means defraud the United States by interfering with and obstructing the lawful governmental functions of the Internal Revenue Service, in that the defendants would instruct their employees not to prepare Forms 941 or to remit to the Internal Revenue Service the taxes withheld from employee paychecks. Defendants also failed to pay over the employer portions of employment taxes.

15. It was further a part of the conspiracy that the defendants would repeatedly change the name of their companies and destroy old company records to make it difficult for the Internal Revenue Service to detect that they were not remitting proper taxes.

16. It was further a part of the conspiracy that the defendants would recruit various people, including J.R., A.R., T.A., and I.W., to act as nominee owners of various staffing and payroll companies. These companies were kept under different owners and kept separate from CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc., and Michel Mechanical Services, LLC, primarily to make it more difficult for the Internal Revenue Service to detect the defendants' failure to remit proper taxes.

17. It was further a part of the conspiracy that the defendants would receive large checks drawn on company bank accounts that included funds that should have been paid over as payroll taxes to the Internal Revenue Service.

## OVERT ACTS

18. In furtherance of the conspiracy and to effect the objects of the conspiracy, the

following overt acts, among others, were committed in the Eastern District of Kentucky and elsewhere:

   a. On a date in January or February of 2014, in the Eastern District of Kentucky, **CLARENCE MICHEL, JR.** instructed employee, T.B., not to pay payroll taxes or file future Form 941s for Michel Mechanical Services, LLC.

   b. In 2012 or 2013, **WARREN GRIFFIN, II** instructed I.W. to sign I.W.'s name three times on a piece of paper and send a picture of the signatures to **GRIFFIN**. **GRIFFIN** then used those signatures to create a stamp and start a company called CJM, LLC. **WARREN GRIFFIN, II** paid I.W. $1,000 to $2,000 per month for approximately a year in exchange for using I.W.'s name.

   c. On or about a date in September 2015, **WARREN GRIFFIN, II** paid J.R. $5,000 to open a staffing company called JR Payroll Solutions, LLC, create a signature stamp for the bank account, and send blank company checks to **WARREN GRIFFIN, II** at his address in the Eastern District of Kentucky. J.R. was a nominee owner who knew nothing about what the company did.

   d. In 2016, **WARREN GRIFFIN, II** offered J.R. another $5,000 to have her brother, A.R., open a staffing company called ALR Staffing Services, LLC, and a business bank account. **GRIFFIN** had a signature stamp made and blank company checks sent to him in the Eastern District of Kentucky.

e. On multiple occasions throughout the course of the conspiracy, **CLARENCE MICHEL, JR.** instructed employee, S.T., to write checks to **CLARENCE MICHEL, JR.** and to **WARREN GRIFFIN, II**, paying them the funds left in the companies' bank accounts.

f. On multiple occasions throughout the course of the conspiracy, **CLARENCE MICHEL, JR.** instructed employee, S.T., to input higher amounts into QuickBooks than **CLARENCE MICHEL, JR.** actually paid himself and **WARREN GRIFFIN, II**, to make it appear that he had withheld taxes from their checks.

All in violation of 18 U.S.C. § 371.

## COUNTS 2-18
### 26 U.S.C. § 7202
*Failure to Account for and Pay Over Withholding and F.I.C.A. (Social Security) Taxes*

On or about July 31, 2012, and continuing through on or about July 31, 2016, in Garrard County, in the Eastern District of Kentucky,

### CLARENCE MICHEL, JR.

did willfully fail to truthfully account for and pay over to the Internal Revenue Service all of the federal income taxes withheld and Federal Insurance Contributions Act ("FICA") taxes due and owing to the United States on behalf of C.J. Michel Industrial Services-LLC, C.J. Michel-Inc., CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC, and their respective employees, for

each of the following quarters, with each calendar quarter constituting a separate count of this Indictment:

| COUNT | QUARTER |
|---|---|
| 2 | Second quarter of 2012 |
| 3 | Third quarter of 2012 |
| 4 | Fourth quarter of 2012 |
| 5 | First quarter of 2013 |
| 6 | Second quarter of 2013 |
| 7 | Third quarter of 2013 |
| 8 | Fourth quarter of 2013 |
| 9 | First quarter of 2014 |
| 10 | Second quarter of 2014 |
| 11 | Third quarter of 2014 |
| 12 | Fourth quarter of 2014 |
| 13 | First quarter of 2015 |
| 14 | Second quarter of 2015 |
| 15 | Third quarter of 2015 |
| 16 | Fourth quarter of 2015 |
| 17 | First quarter of 2016 |
| 18 | Second quarter of 2016 |

All in violation of 26 U.S.C. § 7202.

### COUNTS 19-22
26 U.S.C. § 7206(2)
*Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document*

On or about the dates listed below, in Garrard County, in the Eastern District of Kentucky,

## CLARENCE MICHEL, JR.

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a United States Individual Income Tax Return, Form 1040, of **CLARENCE MICHEL, JR.** for the below calendar years. These returns were fraudulent and false as to a material matter, in that they underreported **CLARENCE MICHEL, JR.**'s tax due and owing for the relevant calendar year.

| COUNT | DATE | TAX YEAR | TAX DUE |
| --- | --- | --- | --- |
| 19 | April 15, 2013 | 2012 | $346,065 |
| 20 | April 15, 2014 | 2013 | $122,334 |
| 21 | April 15, 2015 | 2014 | $338,415 |
| 22 | April 18, 2016 | 2015 | $1,604,013 |

All in violation of 26 U.S.C. § 7206(2).

## COUNTS 23-26
## 26 U.S.C. § 7206(2)
*Aiding and Assisting in the Preparation and Presentation of a False and Fraudulent Return, Statement, or Other Document*

On or about the dates listed below, in Garrard County, in the Eastern District of Kentucky,

## WARREN GRIFFIN, II

did willfully aid and assist in, and procure, counsel, and advise the preparation and presentation to the Internal Revenue Service, of a United States Individual Income Tax Return, Form 1040, of **WARREN GRIFFIN, II** for the below calendar years. These

returns were fraudulent and false as to a material matter, in that they underreported **WARREN GRIFFIN, II**'s taxable income for the relevant calendar year.

| COUNT | DATE | TAX YEAR | TAX DUE |
|-------|------|----------|---------|
| 23 | April 15, 2013 | 2012 | $184,918 |
| 24 | April 15, 2014 | 2013 | $70,536 |
| 25 | April 15, 2015 | 2014 | $139,429 |
| 26 | April 18, 2016 | 2015 | $305,545 |

All in violation of 26 U.S.C. § 7206(2).

**A TRUE BILL**

*/s/ Robert M. Duncan, Jr.*
**ROBERT M. DUNCAN, JR.**
**UNITED STATES ATTORNEY**

## PENALTIES

**COUNT 1:** Imprisonment for not more than 5 years, fine of $250,000 or twice value of loss, and supervised release for 3 years.

**COUNTS 2-18:** Imprisonment for not more than 5 years, $250,000 fine, and supervised release for 3 years.

**COUNTS 19-26:** Imprisonment for not more than 3 years, $250,000 fine, and supervised release for 1 year.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution.