Eastern District of Kentucky
**F I L E D**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

FEB 1 4 2019

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 18-84-KKC**

**UNITED STATES OF AMERICA**                                        **PLAINTIFF**

V.                                        **PLEA AGREEMENT**

**CLARENCE MICHEL, JR.**                                        **DEFENDANT**

\*   \*   \*   \*   \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1, charging a violation of 18 U.S.C. § 371, conspiracy to defraud the United States, and Counts 19 through 22, charging violations of 26 U.S.C. § 7206(2), aiding and assisting in the preparation and presentation of a false and fraudulent return, of the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Counts 2 through 18.

2. The essential elements of Count 1 are:

   (a) That two or more persons conspired to interfere with the lawful function of the IRS in collecting taxes at or about the time alleged;

   (b) That the defendant willfully joined the conspiracy;

   (c) That one or more coconspirators did at least one of the overt acts described in the indictment; and

   (d) That the overt act was done in furtherance of the conspiracy.

3. The essential elements of Counts 19 through 22 are:

(a) That the defendant procured the preparation of a return arising under the internal revenue laws;

(b) That this return falsely understated the taxes the defendant owed;

(c) That the defendant knew that the statement in the return was false;

(d) That the false statement was material; and

(e) That the defendant procured the preparation of this false statement willfully.

4.   As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a)   Between 2012 and 2016, Defendant Clarence Michel, Jr. was a responsible person for employment tax purposes for CJ Michel Industrial Services, LLC, CJ Michel Industrial Services, Inc, CJM, LLC, JR Payroll Solutions, LLC, Michel Mechanical Services, LLC, and ALR Staffing Services, LLC. These companies did business in Garrard County and Boyle County, within the Eastern District of Kentucky. Throughout calendar years 2012 through 2016, these companies withheld tax payments from their employees' paychecks.

(b)  Beginning in approximately April 2012 and continuing through the second quarter of 2016, Clarence Michel, Jr., and Warren Griffin, II, agreed not to file Form 941s and not to pay over the withheld employment taxes.

(c)  In furtherance of this agreement, Clarence Michel, Jr., instructed an employee, T.B., not to file Form 941s or pay over employment taxes to the Internal Revenue Service.

(d)    Also in furtherance of this agreement, Clarence Michel, Jr., instructed an employee, S.T., to pay money from the companies' bank accounts to himself and to Griffin.

(e)  In order to hide this conduct from the Internal Revenue Service, Warren Griffin, II, paid various nominee owners to start new staffing companies and bank accounts.

(f)   To reduce personal tax liability, Clarence Michel, Jr., instructed an employee, S.T., to input the amounts Michel and Griffin received as net amounts so that Quickbooks would calculate his wages and withholdings in reverse. These amounts would be kept in the system and were used to create W-2s so that it falsely appeared that taxes were withheld from these payments.

(g)   During the course of the conspiracy, the companies failed to account for and pay over to the Internal Revenue Service a total of $14,671,184 in federal payroll taxes.

(h)   During the course of the conspiracy, Clarence Michel, Jr., underpaid his personal federal taxes by $346,065 in tax year 2012, $122,334 in tax year 2013, $338,415 in tax year 2014, and $1,604,013 in tax year 2015.

5. As to Counts 19 through 22, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) Following tax years 2012, 2013, 2014, 2015, Defendant Clarence Michel, Jr., procured the preparation of tax returns;

(b) For each of those tax years, those returns stated that taxes were withheld from his income. But those taxes were not actually withheld. This false statement led to an underreporting of Clarence Michel, Jr.'s tax due and owing for each of those tax years.

(c) Clarence Michel, Jr., willfully gave this false information to his tax preparers and intended it to be used in preparing his returns.

(d) That false information led to an underpayment of $346,065 for tax year 2012, $122,334 for tax year 2013, $338,415 for tax year 2014, and $1,604,013 for tax year 2015. The total underpayment for tax years 2012 through 2015 was $2,410,827.

6. The statutory punishment for Count 1 is imprisonment for not more than 5 years, a fine of not more than $250,000 or twice the value of the loss, and a term of

3

supervised release of not more than 3 years. The statutory punishment for Counts

19 through 22 is imprisonment for not more than 3 years, a fine of not more than

$250,000, and a term of supervised release of not more than 1 year. A mandatory

special assessment of $100 per count applies, and the Defendant will pay this

assessment to the U.S. District Court Clerk at the time of the entry of the plea.

7. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant initially

recommend the following sentencing guidelines calculations, but they may object to

or argue in favor of other calculations. This recommendation does not bind the Court.

(a)  United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual, will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the entire scope of the conspiracy, similar conduct in the non-payment of employment taxes in 2017 and 2018, and the aiding and assisting in the preparation and presentation of false and fraudulent personal tax returns..

(c)  Pursuant to U.S.S.G. § 2T4.1, the base offense level is 26.

(d)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

8. Pursuant to U.S.S.G. § 5E1.1, total restitution is $19,227,376, and the victim

is the IRS – RACS, Attn:  Mail Stop 6261, Restitution, 333 W. Pershing Ave., Kansas

City, MO 64108. This restitution amount consists of:

(a) $14,671,184 for the employment taxes not paid as part of the conspiracy. This obligation will be reduced by any restitution paid by Warren Griffin, II.

(b) $2,410,827 for underpaid personal taxes in tax years 2012 through 2015.

(c) $2,145,365 for employment taxes not paid between August 2017 and July 2018. Defendant agrees to the inclusion of these amounts in the restitution order even though these years were not charged in the Indictment.

9.   No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

10.   The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

11.   The Defendant waives the right to appeal the guilty plea, conviction, and restitution award. The Defendant also waives the right to appeal any sentence of imprisonment below 46 months. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, sentence, and restitution award.

12.   If the Defendant does not violate the terms of the order setting conditions of release, the United States will recommend releasing the Defendant on the current conditions for future court appearances and will not oppose the Defendant's request to self-report for service of any custodial sentence he may receive.

13.   The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or

affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without first informing the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

14. The Defendant commits to paying all future employment taxes for companies where he is a responsible person under internal revenue laws. If companies that Defendant is a responsible person for are not paying employment taxes at the time of sentencing, the United States, in its discretion, may argue that the Defendant should not receive an offense-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1.

15. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

16. The Defendant agrees to pay restitution of $19,227,376 to the Internal Revenue Service (IRS). This restitution consists of $14,671,184 for employment taxes not paid during the conspiracy (jointly and severally with Warren Griffin, II), $2,145,365 for employment taxes not paid between August 2017 and July 2018, and the following amounts for the Defendant's personal tax liability for the following calendar tax years: $346,065 for 2012, $122,334 for 2013, $338,415 for 2014, and $1,604,013 for 2015. The Defendant agrees that these yearly restitution amounts result from his fraudulent conduct and that he is liable for fraud penalties on these amounts. Neither the existence of a restitution payment schedule nor the

7

Defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of a restitution-based assessment, including levy and distraint.  The Defendant agrees that he will sign any IRS forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of taxes, penalties, and interest based upon the restitution amounts.  He agrees to provide to the IRS, upon request, information regarding the above tax years, and he agrees not to file any claims for refunds of taxes, penalties, or interest for those years.  Nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties, or interest due from the Defendant for the time periods covered by this agreement or any other time period.   The Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise his obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time periods covered by this agreement or any other time period.

17.  If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

18.  This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky

and the Defendant.  The United States has not made any other promises to the Defendant.

19.  This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

20.  The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 2/14/19

By: _____
Dmitriy Slavin
Assistant United States Attorney

Date: 2|12|19

Clarence Michel, Jr.
Defendant

Date: 2/12/19

David Guarnieri
Attorney for Defendant

9

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 18-84-KKC

UNITED STATES OF AMERICA                               PLAINTIFF

V.           SUPPLEMENT TO PLEA AGREEMENT

CLARENCE MICHEL, JR.                                   DEFENDANT

*   *   *   *   *

The Defendant has not agreed to cooperate with the United States in the

investigation and prosecution of other persons who have committed offenses.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 2/14/19                          By: _____
                                       Dmitriy Slavin
                                       Assistant United States Attorney

Date: 2/12/19                          _____
                                       Clarence Michel, Jr.
                                       Defendant

Date: 2/12/19                          _____
                                       David Guanieri
                                       Attorney for Defendant