UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:18-84-KKC

UNITED STATES OF AMERICA                                                       PLAINTIFF

V.             **SENTENCING MEMORANDUM
                OF THE UNITED STATES**


CLARENCE MICHEL, JR.                                                           DEFENDANT

* * * * *

Defendant Clarence Michel, Jr. pleaded guilty to a conspiracy that deprived the United States of $14,671,184 in payroll taxes. He also pleaded guilty to procuring the preparation of false individual tax returns that left the United States short of another $2,410,827. This is not the first time Michel has unlawfully pocketed money, and his actions to date indicate that it may not be the last. The United States recommends a within-guideline sentence of 70 months.

Under 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. The nature of the offense is a massive tax fraud that has deprived the federal government of over $17 million. This was a brazen hoarding of

money without any justification. And the surrounding circumstances prove that. The defendant owns significant real estate and much of it was purchased while this tax scheme was taking place. [*See* PSR at 27, ¶ 94.] He purchased several cars and boats during this time as well, including two Bentleys that cost over $200,000 apiece. [*See* PSR at 28, ¶ 95.] He has also been generous with charitable giving at this time. [*See* Michel's Sentencing Memorandum, DE 52, Exhibit 1.] His spending patterns show that Michel could have paid his taxes but chose not to.

The defendant's history and characteristics show a repeat player in the criminal justice system. His criminal history begins almost 30 years ago [PSR at 8, ¶ 36] and his first arrest for a fraud offense was back in 1993 [PSR at 9, ¶ 38]. Michel's first federal conviction was in the Western District of Kentucky in 2001. He admitted to perpetrating a bank fraud scheme that involved multiple banks in multiple states and was sentenced to 32 months of imprisonment. This was a break for him as his guideline range was 41 to 51 months. [PSR at 13–15, ¶ 47.] While free on bond in that case, Michel began a new bank fraud scheme that defrauded Regions Bank in Louisiana. Michel admitted to the FBI that since he anticipated that he was about to go to jail in the Kentucky case, he had nothing to lose by trying to get more money from bank fraud. This time his guidelines were 87 to 108 months. He was

again sentenced below the guidelines—to 50 months to be served concurrently with the Kentucky case. He was also required to pay restitution of $339,660.53, of which $258,007.65 remains unpaid. The total loss from these two bank fraud schemes was $614,247.09. [PSR at 16 – 17, ¶ 50.]

This is Michel's third time being sentenced for committing financial fraud. His first two sentences were significantly below his guidelines. He does not deserve another downward departure.

The remaining § 3553(a) factors demonstrate this. First, the sentence needs to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense. 18 US.C. § 3553(a)(2)(A). A $17 million tax loss is a very serious offense and deserves significant punishment. Meanwhile, Michel's criminal history and his behavior in this case show that he does not respect the law. Even as the IRS was openly investigating his non-payment of employment taxes, Michel returned to not paying them. Between August 2017 and July 2018, Michel failed to pay another $2,145,365 in federal employment taxes while in active negotiations with the United States in this case. To his credit, Michel has agreed to pay those amounts in restitution even though they were not charged in the indictment. But his admitted attitude from his previous case—take as much as he can before he goes to jail—surfaced again here. Michel appears to see financial fraud as a

3

game of cat and mouse between himself and law enforcement instead of taking his responsibilities seriously.

Under 18 U.S.C. §§ 3553(a)(2)(B) and (a)(2)(C), the Court must fashion a sentence that affords adequate deterrence to criminal conduct and that protects the public from further crimes of the defendant. A below-guideline sentence would not be sufficient to accomplish those goals. A 50-month sentence from the Middle District of Louisiana proved to be insufficient to deter Michel and to protect the taxpaying public from his current crime. A longer sentence is therefore necessary. A within-guidelines sentence would also send an important message to the public that it is the country as a whole, through its elected representatives, that decides how tax dollars are spent. No one person can take that decision into his own hands by holding the money back and giving it to his chosen charities instead.

The Court is also required to avoid sentencing unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). Historically, tax fraud offenders tended to receive relatively low sentences. However, few tax fraud offenders have Michel's criminal history. And tax fraud sentences of five years or more are not unheard of. For example, the defendant in *United States v. Angulo*, 638 F. App'x 856, 856—57 (11th Cir. 2016) was sentenced to 60 months for violating 18 U.S.C. § 371 and 26 U.S.C. § 7206(2), the same statutes Michel has

pleaded guilty to violating. Her total tax loss was $8,426,806—significantly lower than Michel's. *Id.* at 859. The defendant in *United States v. Shakal*, 644 F. 3d 642, 644 (8th Cir. 2011) was charged with 43 counts of violating 27 U.S.C. § 7206(2) and sentenced to 72 months (within his guidelines) for defrauding the United States of $2,027,832. While the facts of each of these cases is unique, they show that Michel's sentence would not be. The simplest route to a sentence that avoids nationwide sentencing disparities is through the guidelines, as each federal court must use them as its starting point.

The final factor for the court to consider is the need to provide restitution. 18 U.S.C. § 3553(a)(7). This will often recommend a lower sentence, as a jailed defendant has little ability to earn money to pay restitution. However, to make a difference, the defendant must actually pay that restitution. And Michel's history suggests that restitution will be hard to pry from him whether he is in jail or out. In his Louisiana case, Michel was ordered to pay $339,660.53 in restitution in 2004. Fifteen years later, he has paid less than $100,000 of that debt even while keeping over $19,000,000 that should have gone to the IRS and while buying multiple properties and expensive vehicles. Restitution, like taxes, has been a low priority thus far for Michel and there is little evidence that that will change after he serves his sentence.

The § 3553(a) factors therefore point to a within-guidelines sentence. Nothing in United States Sentencing Guidelines Parts 5H or K changes that. Michel's wife has taken over his business, and there is no evidence that the business or his employees have suffered from her taking over the leadership role. Michel has also given generously to various charities, but the money he has given has not been his own. He has been charitable while owing hundreds of thousands of dollars in restitution and millions of dollars in taxes. Paying taxes and restitution does not come with plaques, trips, fawning newspaper articles, friends in high places, or courtside seats, but it needs to come first. Charity with money that rightfully belongs to others is not virtuous and should not merit a downward departure.

The guidelines in this case are 57 – 71 months. For the reasons stated above, a sentence at the top of the range—70 months—is warranted. However, the statutory maximum under 18 U.S.C. § 371 is 60 months. Therefore, the United States recommends a statutory maximum sentence of 60 months on Count 1 and a sentence of 10 months on Counts 19–22, to be served consecutively to the sentence on Count 1 but concurrently with each other. Consecutive sentences are appropriate here because the fraud on Michel's individual tax returns is a separate crime from the failure to pay employment taxes. It involved an entirely separate decision and entirely

different actions by Michel. Moreover, under the Sentencing Guidelines, "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." United States Sentencing Guidelines Manual § 5G1.2(d).

For these reasons, the United States recommends a total sentence of 70 months.

        Respectfully submitted,

        ROBERT M. DUNCAN, JR.
        UNITED STATES ATTORNEY

By:   s/ Dmitriy Slavin
       Assistant United States Attorney
       260 W. Vine Street, Suite 300
       Lexington, Kentucky 40507-1612
       (859) 685-4899
       FAX (859) 233-2747
       Dmitriy.Slavin@usdoj.gov

## CERTIFICATE OF SERVICE

On May 16, 2019, I filed this memorandum via CM/ECF, which will send a copy to:

>David J. Guarnieri
>*Attorney for Defendant Clarence Michel, Jr.*

>>s/ Dmitriy Slavin
>>Assistant United States Attorney